# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138577(109)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ALEXANDER ACEVAL,
      Defendant-Appellant.

_____/

SC: 138577
COA: 279017
Wayne CC: 05-003228-01

On order of the Court, the motion for full-Court consideration of the motion for disqualification of Justice Hathaway is considered. Upon full-Court consideration, we DENY the motion to disqualify Justice Hathaway because the reasons she gave in denying the defendant's motion to disqualify her are sufficient.

    WEAVER, J. (*concurring*).

    I join in and concur fully with the order denying defendant's motion to disqualify Justice HATHAWAY.

    I write separately to note that Justice YOUNG claims that this Court's disqualification rule, MCR 2.003, has "serious constitutional flaws" and, therefore, he refuses to abide by it and refuses to participate.

    Justice YOUNG also expressed his position on the disqualification rule in *Pellegrino v Ampco*, ___Mich___ (2010), where he expressly stated: "As I have previously stated, MCR 2.003 as amended is unconstitutional."[1] I make no criticism or objection to his position to not participate because he believes the rule is "unconstitutional."

---

[1] In his dissent to the order amending MCR 2.003, Justice YOUNG stated: "I respectfully dissent from the new majority's enactment of this unconstitutional rule of disqualification.

However, Justice YOUNG's approach as to the disqualification rule is quite inconsistent with his condemnation of my position that the "Gag Order," AO 2006-8,[2] is unconstitutional; is in conflict with and in violation of Canon 3A(6) of the Code of Judicial Conduct; and is an effort to establish secrecy (i.e., a "secret club" rule) to keep me from performing my duty to the people to inform them of what I believe they need to know—no more, no less—about how, what, when and where the Court performs the people's judicial business.[3]

I explained in my dissent to the "Gag Order," AO 2006-8, on December 6, 2006 that the order was unconstitutional "because it unconstitutionally restricts a justice's ability to perform his duty to the public by barring a justice from 'giv[ing] in writing' his 'reasons for each decision' and 'the reasons for his dissent.'"[4] The "Gag Order" is not only unconstitutional,[5] but it is in conflict with and in violation of Canon 3A(6)  Code of Judicial Conduct.[6]

---

[2] AO 2006-8 states:

> All correspondence, memoranda and discussions regarding cases or controversies are confidential. This obligation to honor confidentiality does not expire when a case is decided. The only exception to this obligation is that a Justice may disclose any unethical, improper or criminal conduct to the JTC or proper authority.

[3] The "Gag Order" was adopted on an emergency basis, without notice to the public and to some justices by a 4-3 vote, over three (3) years ago on December 6, 2006.  It was only recently, at the May 12, 2010 public administrative conference, that a majority of the Supreme Court effectively "retained" the "Gag Order" to make it retroactively effective to January 17, 2007.

[4] AO 2006-8, WEAVER J., (*dissenting*) (quoting Const 1963, art 6, § 6).

[5] Article 6, Section 6 of the Michigan Constitution states:

> § 6 Decisions and dissents; writing, contents.

> Sec. 6. Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

[6] Canon 3A(6) of the Michigan Code of Judicial Conduct states:

I reiterated my position from my December 6, 2006 dissent to the "Gag Order" at the May 12, 2010 public administrative conference. (To view the video of the May 12, 2010 Administrative Conference, see my personally-funded website: www.justiceweaver.com.) During that conference, Justice YOUNG acknowledged that he referred me to the Judicial Tenure Commission and judged me as "unethical" for refusing to abide by the "Gag Order," an order that I find unconstitutional.

Justice YOUNG took these extreme measures even though he himself refuses to abide by the disqualification rule adopted by this Court that *he* alleges is unconstitutional.

MARKMAN, J. (*concurring*).

Defendant, in my judgment, has offered no evidence suggesting that Justice HATHAWAY is biased against defendant or his attorney, or that she cannot decide defendant's case fairly. At the same time, I respectfully believe that Justice HATHAWAY's response to defendant's motion evidences the confusion that the majority has now introduced into this Court's disqualification process by its new "appearance of impropriety" standard. In short, it is hard to understand the relevance *under this standard* of Justice HATHAWAY's various assertions: (a) that she is "unaware" of certain facts; (b) that her ex-husband's role in the prosecutor's office "has no bearing whatsoever on my decision in this case;" or (c) that she does not "harbor any bias or prejudice for or against her former husband." While I do not doubt the truth of any of these assertions, and while each is highly relevant in ascertaining that Justice HATHAWAY is not "actually biased"— which historically has defined the exclusive disqualification standard of this Court—it is unclear what the legal significance is of her *personal* knowledge and attitudes in assessing the "objective perceptions" that can be discerned from her circumstances and relationships. I continue to be concerned that the vague and formless "appearance of impropriety" standard is susceptible to arbitrary and inconsistent application. I also continue to be concerned, for the reasons set forth in my statement of April 22, about the specific procedures now being followed by this Court in deciding disqualification motions. However, notwithstanding these concerns, I believe there is no actual bias on the part of Justice HATHAWAY, and that defendant has not satisfied what I view as his threshold obligation to demonstrate even an appearance of impropriety. Although raising legitimate concerns as to the meaning of the "appearance of impropriety" standard,

---

(6) A judge should abstain from public comment about a pending or impending proceeding in any court, and should require a similar abstention on the part of court personnel subject to the judge's direction and control. This subsection does not prohibit a judge from making public statements in the course of official duties or from explaining for public information the procedures of the court or the judge's holdings or actions.

defendant's motion is scattershot and undisciplined in its assertions and has imposed an almost impossible obligation upon Justice HATHAWAY to respond any more thoroughly than she does.

CORRIGAN, J., states as follows:

I am not participating because I may be a witness in a related case.

YOUNG, J., not participating.

I do not participate in the order or the Court's decision-making under the new rule for the reasons stated in my November 25, 2009 dissent from the rule's promulgation[7] and in my March 31, 2010 statement of non-participation in a similar motion in *Pellegrino v Ampco Systems Parking*.[8] I believe that rule to have serious constitutional flaws.

---

[7] See 485 Mich civ, cxxxii (2009) (YOUNG, J., dissenting).

[8] ___ Mich ___ (March 31, 2010 order in Docket No. 137111) (YOUNG, J., not participating).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

d0601

Clerk